IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. FOSTER,** : | **CIVIL NO. 1:CV-03-2088** |
| **Plaintiff** : | |
| v. : | |
| **JLG INDUSTRIES,** *et al.*, : | |
| **Defendants** : | |

# **M E M O R A N D U M**

Before the court is Defendants' motion to dismiss.  (Doc. 47.)  The parties have briefed the issues, and the matter is ripe for disposition.  For the reasons that follow, the court will grant Defendants' motion in part and deny it in part.  Also pending before the court is Plaintiff's motion to disqualify defense counsel.  (Doc. 37.)  The court will deny Plaintiff's motion.

**I.**     **Background**

    **A.**     **Procedural History**

The relevant procedural history follows.  Plaintiff filed his original complaint *pro se* on November 30, 2003 against his former employer, JLG Industries ("JLG").  (Doc. 1.)  On October 4, 2004, Plaintiff attempted to file an amended complaint without obtaining leave from the court to do so.  The court issued an order on October 22, 2004, providing that Plaintiff's amended complaint was not entered into the docket and instructing Plaintiff that if he intended to file an amended complaint he would need to receive leave of the court to do so.  (Doc. 29.)

On November 1, 2004, Plaintiff filed a motion for leave to file an amended complaint consistent with the court's order.  (Doc. 30.)  Plaintiff's

amended complaint sought to add additional claims and six additional defendants, including JLG's counsel of record.  (*Id.*)  On November 15, 2004, Defendants filed a motion and supporting brief opposing Plaintiff's motion for leave to file an amended complaint.  (Doc. 31.)  Defendants asserted that Plaintiff's proposed amended complaint was futile and failed to state a claim upon which relief can be granted.  (*Id.*)

By memorandum and order dated December 21, 2004, the court granted Defendants' motion; however, the court provided Plaintiff an opportunity to file a second amended complaint.  (Doc. 34.)  Specifically, the court's order stated that Plaintiff could amend his complaint with respect to: (1) possible claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3; the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951; and the Age Discrimination in Employment Act ("ADEA"); 29 U.S.C. § 623(d), against JLG; and (2) possible defamation claims against JLG and each of the proposed additional Defendants.  (*Id.*)  The court specifically instructed Plaintiff that Middle District Local Rule 15.1 requires an amended complaint to stand on its own.  (*Id.*)  Furthermore, with respect to adding claims against JLG's counsel of record the court stated:

> The Court also takes note that two of the six proposed additional Defendants are attorneys associated with the representation of the Defendant JLG.  Unless Plaintiff is able to show that either Clifford Geiger or Peter Saucier had any involvement with the events giving rise to Plaintiff's instant complaint, Plaintiff should not include either proposed Defendant in any further amendments to his complaint.  Plaintiff is instructed that the legal system will not be used as a tool of harassment.  The Court recognizes the challenges of proceeding *pro se*, however, the court expects good faith and integrity from all who come before it.

(Doc. 34 at 12.)

On January 4, 2005, Plaintiff filed a second amended complaint. (Doc. 36.) Plaintiff's second amended complaint also included claims against JLG's counsel. Additionally, Plaintiff filed a motion to disqualify JLG's counsel on January 4, 2005. (Doc. 37.) On January 27, 2005, the court held a telephonic conference to discuss Plaintiff's claims against JLG's counsel and Plaintiff's motion to disqualify JLG's counsel. The court deferred ruling on Plaintiff's motion to disqualify JLG's counsel. The court issued an order on January 27, 2005, providing that "the court . . . reviewed Plaintiff's amended complaint and found it to be incomprehensible. Essentially, the court is unsure what Plaintiff's allegations are, as well as the legal and factual justifications for his allegations. For this reason the court will direct that Plaintiff submit an additional amended complaint." (Doc. 40 at 1.) Furthermore, the court provided that "Plaintiff shall set forth an amended complaint that contains *all* of Plaintiff's allegations *with* factual and legal justifications." (*Id*. at 1-2.) Plaintiff filed a third amended complaint on February 28, 2005. (Doc. 46.) Plaintiff's third amended complaint includes claims based on Title VII, the ADEA, fraud, 42 U.S.C. §§ 1983 and 1985, defamation of character, and intentional infliction of emotional distress.[1] Named as Defendants in Plaintiff's third amended complaint are the following: (1) JLG; (2) Samuel Swope, Vice President of Human Relations-JLG; (3) Jeanne Wakefield, Human Resources-JLG; (4) Eugene Swope, Manager-JLG; (5) Duane Souders, Manager-JLG (hereinafter collectively known as the "JLG Defendants"). Also named is the law firm of Kollman and Saucier, PA, and attorneys Clifford Geiger, Peter Saucier, and Frank Kollman (hereinafter collectively known as the "Kollman Defendants"). On March 18, 2005, Defendants filed the instant motion to dismiss. (Doc. 47.)

---

[1] Plaintiff's third amended complaint does not contain a claim based on the PHRA.

**B.    Facts**[2]

Plaintiff was employed by JLG as the Supervisor of Tool Design and Manufacturing.  (Compl., Underlying Facts, Ex. AA ¶ 2.)[3]  In September of 1995, Plaintiff informed the Vice President of the Manufacturing Engineering Department that several female employees had complained to him about harassment that was taking place within the department.  (*Id.* ¶ 1.)  Plaintiff alleges that as a result of this notification his working conditions deteriorated considerably.  (*Id.*)

In November 1995, Plaintiff alleges that he requested a transfer to another department due to a continued hostile working environment.  (*Id.* ¶ 2.)  Plaintiff was asked and agreed to remain in his position to oversee the completion of a specific project.  (*Id.*)  In March 1996, Plaintiff alleges that he was present during a telephonic conference in which JLG Defendant Swope stated there was a "plot and/or conspiracy to retaliate against Plaintiff" and "the ultimate goal was to ensure that Plaintiff would not work again."  (*Id.* ¶ 4.)

In August 1996, Plaintiff reported leakage of hazardous waste to the Director of Manufacturing and Engineering and to the Project Manager.  (*Id.* ¶ 5.)  Plaintiff alleges that there was an investigation by the Environmental Protection Agency and that he was questioned regarding the leakage.  (*Id.*)

Plaintiff was transferred in August of 1996.  (*Id.* ¶ 6.)  On September 9, 1996, Plaintiff was informed that a female co-worker alleged that Plaintiff had been harassing her.  (*Id.* ¶ 13.)  Plaintiff was issued a disciplinary warning and ordered one

---

[2]Plaintiff's third amended complaint is not a model of clarity.  At best Plaintiff's third amended complaint is confusing and at worst it is indecipherable.   While the court has had some difficulty is connecting the dots of Plaintiff's allegations and the corresponding facts, the court believes that Plaintiff has been given ample opportunity to assert his allegations.  Thus, the court will make do with what is before it.

[3]Instead of incorporating the relevant facts into his third amended complaint, Plaintiff provides the relevant facts in an exhibit entitled "Underlying Facts."  Plaintiff lists the exhibit as AA.

week of administrative leave based on charges of harassment and decreased productivity.  (*Id.*)  Plaintiff was specifically instructed not to have any further inappropriate or unwelcome contact with the female co-worker accusing him of harassment.  (Compl., Disciplinary Warning, Ex. E.)  Plaintiff was informed that any such contact would be considered harassment of a fellow employee and would be considered cause for termination.  (*Id.*)  Plaintiff alleges that the female who accused him of harassment voluntarily left employment with JLG on January 7, 1997.  (Compl., Underlying Facts, Ex. AA ¶ 19.)  On January 13, 1997, Plaintiff was again accused of harassment of the same female.  (*Id.* ¶ 20.)  Plaintiff was suspended that same day.  (*Id.* ¶ 21.)

On January 14, 1997, Plaintiff contacted an attorney who advised Plaintiff to sign up for unemployment benefits and file a claim based on age discrimination with the Pennsylvania Human Relations Commission ("PHRC").  (*Id.* ¶ 22.)  On January 20, 1997, Plaintiff was informed that he was terminated from JLG.  (Compl., Ex. L.)  Plaintiff filed an age discrimination claim with the PHRC and filed for unemployment benefits on January 21, 1997.  (Compl., Underlying Facts, Ex. AA ¶ 23.)  Plaintiff alleges that on February 12, 1997, he attended a meeting with the JLG Defendants and requested a letter of reference in turn for his letter of resignation.  (*Id.*)  The JLG Defendants refused Plaintiff's request.  (*Id.*)  On March 7, 1997, there was an unemployment hearing.  (*Id.* ¶ 25.)  On March 13, 1997, the Pennsylvania Unemployment Compensation Board of Review found that there was no basis for the denial of Plaintiff's unemployment benefits.  (*Id.*¶ 26.)

In sum, Plaintiff's third amended complaint asserts that Defendants "embarked on a plan to use[] any/or all means to remove Plaintiff from employment and block employment opportunities."  (Compl. at 2.)  Plaintiff alleges that Defendants submitted altered documents to the Pennsylvania Labor and Industry

5

Hearing Board ("Hearing Board"). (*Id*.) According to Plaintiff, Defendants attempted to use these alleged altered documents to influence JLG's position in a 1997 age discrimination claim and a 2002 retaliation and discrimination claim with the PHRC. (*Id*.) Furthermore, Plaintiff alleges that JLG has failed to give him employment references in an attempt to block Plaintiff's future employment opportunities. (*Id* at 3.) Plaintiff asserts that Defendants have acted with malicious intent so as to inflict emotional and mental distress. (*Id*.)

**II.         Legal Standard: Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of N. Y. & N. J. v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999). In the case of a *pro se* plaintiff, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d

1192, 1196 (3d Cir. 1993) (citations omitted).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]."  *Id.*  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered."  *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).  However, the court may not rely on other parts of the record in making its decision.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.**     **Discussion**

Defendants contend that Plaintiff's claims based on fraud, violations of §§ 1983 and 1985, defamation, intentional infliction of emotional distress, violations of the ADEA, and violations of Title VII should be dismissed for failure to state a claim upon which relief can be granted.  Furthermore, Defendants contend that Plaintiff's claims based on fraud, §§ 1983 and 1985, and intentional infliction of emotional distress should be dismissed because they violate the court's December 21, 2004 order.  The court will examine each of Defendants' arguments in the following discussion.  For the reasons that follow, the court will grant Defendants' motion in part and deny Defendants' motion in part.  Before the court addresses Defendants' motion to dismiss, the court will address Plaintiff's motion to disqualify the Kollman Defendants from acting as defense counsel in the instant case.

### A.      **Plaintiff's Motion to Disqualify the Kollman Defendants**

Plaintiff asserts that the Kollman Defendants should be disqualified from acting as defense counsel in the instant case.  The basis of Plaintiff's argument appears to rest on the allegation that the Kollman Defendants were directly involved in the wrongs allegedly suffered by Plaintiff.  Moreover, Plaintiff contests that the Kollman Defendants may be called to testify at trial.  The court is not convinced by Plaintiff's arguments.

As stated, the court provided in its December 21, 2004 order that "[u]nless Plaintiff is able to show that [the Kollman Defendants] had any involvement with the events giving rise to Plaintiff's instant complaint, Plaintiff should not include [the Kollman Defendants] in any further amendments to his complaint."  (Doc. 34.) Plaintiff's third amended complaint alleges claims against the Kollman Defendants based on fraud, defamation, §§ 1983 and 1985, and intentional infliction of emotional distress.  The court finds that Plaintiff has not articulated any reason why any of the Kollman Defendants should be named in his third amended complaint.  For reasons stated in its discussion of Defendants' motion to dismiss, all claims against the Kollman Defendants will be dismissed with prejudice.  Thus, Plaintiff has failed to show that the Kollman Defendants had any involvement in the events giving rise to Plaintiff's instant complaint.

Pa. Rule of Professional Conduct 3.7 prohibits a lawyer from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness."  The rule states that an attorney is prohibited from acting as an advocate *at* a trial; however, there is no indication that an attorney is prohibited from acting as an advocate during pre-trial proceedings.  *See* Pa. Bar Ass'n Comm'n on Leg. Eth. & Prof. Resp. Inf. Op. No. 96-15 (1996), at 1 ("[T]here is no . . . bar to an attorney witness acting as an advocate in pre-trial proceedings.").  As stated, all claims against the Kollman

8

Defendants will be dismissed. Even if Plaintiff still intends to call any of the Kollman Defendants as a witness at trial, the Kollman Defendants are not precluded from acting as counsel in these pre-trial proceedings.

Pa. Rule of Professional Conduct 1.7 provides that a "lawyer shall not represent a client if the representation of that client may be materially limited . . . by the lawyer's own interests." While Plaintiff does not specifically cite to rule 1.7, the court believes a brief discussion of Rule 1.7 is merited. The Comment to Rule 1.7 states that "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment." *See also United Food & Commercial Workers v. Darwin Lynch Admrs., Inc.*, 781 F. Supp. 1067, 1070 (M.D. Pa. 1991).

The court views Plaintiff's motion with caution, and while reluctant to characterize Plaintiff's motives, the court does not find Plaintiff's motion to be grounded in a foundation meriting the disqualification of the Kollman Defendants from acting as defense counsel. The court does not find any conflict existing between the interests of the Kollman Defendants and the JLG Defendants. Based on the aforementioned reasons, the court will deny Plaintiff's motion to disqualify the Kollman Defendants from acting as defense counsel.[4]

### B.     Defendants' Arguments based on the Court's Order

Defendants assert that Plaintiff's claims based on fraud, §§ 1983 and 1985, and intentional infliction of emotional distress should be dismissed because they violate the court's December 21, 2004 order. As stated, the court's December

---

[4] If this case proceeds to trial, Plaintiff will have an opportunity to motion the court to disqualify the Kollman Defendants.

21, 2004 order provided that "Plaintiff may amend his complaint with respect to his Title VII claim against JLG, his ADEA claim against JLG, his PHRA claim against JLG, and his defamation claims against JLG and additional defendants." (Doc. 34 at 1.)

Specifically, the court's December 21, 2005 memorandum stated that Plaintiff could not bring claims under §§ 1983 or 1985. (Doc. 33 at 7.) To reiterate, Defendants are not state actors; therefore, Defendants cannot be held liable under §§ 1983 or 1985. Because the court has previously dismissed Plaintiff's claims based on §§ 1983 and 1985, Plaintiff is precluded from reasserting these claims. Accordingly, Plaintiff's §§ 1983 and 1985 claims will be deemed moot. It would be futile to provide Plaintiff leave to amend his claims under §§ 1983 and 1985.

Additionally, the court's December 21, 2005 memorandum and order did not provide that Plaintiff's second or third amended complaint could include a claim based on fraud or intentional infliction of emotional distress. Federal Rule of Civil Procedure 15(a) provides that leave to file an amended complaint shall be granted freely when justice so requires. However, the Supreme Court has provided exceptions "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." may be reason to deny a plaintiff leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In its case management discretion, the court has limited the scope of Plaintiff's second and now third amended complaint. By attempting to assert new claims, Plaintiff violates the court's December 21, 2005 order. Additionally, Defendants may be prejudiced if Plaintiff is allowed to bring these additional claims. Plaintiff has had over a year and a half to amend his claims; therefore, providing

Plaintiff an opportunity to bring new claims could also constitute undue delay. Plaintiff's claims based on fraud and intentional infliction of emotional distress could be dismissed on these grounds; however, Defendants also address Plaintiff's claims on the merits.  Thus, the court will address Plaintiff's fraud and intentional infliction of emotional distress claims on the merits.[5]

### C.     Plaintiff's Fraud Claim

The extent of Plaintiff's fraud allegations are that Defendants committed fraud by "tampering, redacting, altering documentation dates, time, and content."  (Compl. at 6.)  Defendants assert that Plaintiff has failed to state a claim of fraud.  To assert a claim of fraud Plaintiff must allege: "(1) representation; (2) which is material to the transaction at hand; (3) made falsely, with the knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."  *Feeney v. Disston Manor Personal Care Home, Inc*., 849 A.2d 590, 597 (Pa. Super. Ct. 2004).  Federal Rule of Civil Procedure 9(b) provides that allegations of fraud are to be plead with particularity.  Plaintiff relies upon *Killian v. McCulloch*, 850 F. Supp. 1239, 1254 (E.D. Pa. 1994), for the position that "[a]s long as there is some precision and some measure of substantiation in the pleading the rule is satisfied."  (Pl.'s Resp. to Defs.' Motion to Dismiss at 3.)  However, there is no precision or substantiation in Plaintiff's third amended complaint to maintain a claim based on fraud.

---

[5] In the interest of fully addressing all of Plaintiff's allegations, the court will treat the addition of Plaintiff's claims of fraud and intentional infliction of emotional distress in his third amended complaint as a motion requesting leave to amend his complaint to add these additional claims. The court will allow these additional claims to be incorporated in Plaintiff's third amended complaint and address them on their merits.

As stated, Plaintiff's assertion of fraud only alleges that Defendants are guilty of "tampering, redacting, altering documentation dates, time, and content." (Compl. at 2.) In Plaintiff's motion opposing Defendants' motion to dismiss, Plaintiff states that Defendants have been put on notice that documents have been altered. However, this is simply not enough to allege fraud. There is nothing in Plaintiff's third amended complaint that alleges the materiality of Defendants' alleged misrepresentation, the intent of Defendants to mislead Plaintiff, justifiable reliance on the part of the Plaintiff, or any resulting injury to Plaintiff based upon reliance. Even under the liberal latitude afforded to a litigant proceeding *pro se*, Plaintiff does not substantiate his claim of fraud. Quite simply, there is nothing in Plaintiff's third amended complaint indicating that Defendants are guilty of fraud. Thus, the court will grant Defendants' motion to dismiss Plaintiff's fraud claims.

### D. **Plaintiff's Claim of Intentional Infliction of Emotional Distress**

Plaintiff's third amended complaint contains an allegation for intentional infliction of emotional distress. Defendants rely on *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) and assert that Plaintiff has failed to demonstrate intentional outrageous or extreme conduct which causes severe emotional distress. Pennsylvania courts have provided that "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Buczek v. First Nat'l Bank of Mifflintown,* 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987). Moreover, the Third Circuit has stated that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon*, 861 F.2d 390, 395 (3rd. Cir. 1988). Plaintiff's allegations appear

to revolve around his termination and accusations that he harassed a female co-worker and that Defendants allegedly tampered and altered documents. Put simply, Plaintiff's allegations are not outrageous enough to state a claim for intentional infliction of emotional distress. Thus, the court will grant Defendants' motion to dismiss Plaintiff's claim of intentional infliction of emotional distress.

### E. **Plaintiff's Defamation Claim**

Plaintiff alleges that Defendants have defamed his character. Plaintiff's third amended complaint states: "Defamation of [c]haracter-includes both libel and slander. Plaintiff alleges that he is an [i]dentifiable [v]ictim." (Compl. at 4.) Plaintiff asserts that his allegation is supported by the Pennsylvania Unemployment Compensation Board of Review-Referee's Decision ("the Referee's Decision"). (*Id*.) Defendants contend Plaintiff's third amended complaint is "devoid of any factual basis for a defamation claim." (Defs.' Mot. to Dismiss at 8.)

> As provided by the Third Circuit:
>
> [I]n an action for defamation under Pennsylvania law, the plaintiff has the burden of proving: (1) the defamatory character of the communications; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) under standing by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.

*Sabo v. Metropolitan Life Ins. Co.*, 137 F.3d 185, 196 (3d Cir. 1998) (citing 42 Pa. Cons. Stat. § 8343(a)).

Plaintiff in his response to Defendants' motion to dismiss does not address Defendants' argument. Plaintiff appears to rely exclusively upon the Referee's Decision. (Compl., Ex. Q.) The court is not bound by such a decision; however, even if the court were to take into account the-Referee's Decision, Plaintiff would still fail to make a claim of defamation. Specifically, the PUCBR-Referee's

13

decision provided that the employer's testimony concerning the alleged harassment of a female co-worker was based on hearsay and there was no basis for a denial of benefits. (*Id.*)  The Referee's Decision addresses Plaintiff's unemployment compensation and does not address any of the elements of defamation. (*Id.*)

Moreover, Defendants cannot be held liable for defamation for information submitted to or statements made before the PHRC, the Pennsylvania Department of Labor and Industry, or the Pennsylvania Unemployment Compensation Board of Review.  These are quasi-judicial proceedings and an absolute privilege is afforded to them. *See Joyner v. Sch. Dist. of Phila.*, 313 F. Supp. 2d 495, 502 (E.D. Pa. 2004) ("[A]bsolute privilege has been applied to quasi-judicial proceedings as well."); *see also Milliner v. Enck*, 709 A.2d 417, 419 n.1 (Pa. Super. Ct. 1998).  It is well settled that "[w]hen alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them." *Greenberg v. Aetna Ins. Co.*, 235 A.2d 576, 577 (Pa. 1967).  Information submitted by Defendants regarding Plaintiff's alleged harassment of a female co-worker would have been material to the proceedings.  As such, Defendants are afforded an absolute privilege and cannot be held liable for defamation with respect to information or statements made during a quasi-judicial proceeding.  Thus, the court will grant Defendants' motion to dismiss Plaintiff's defamation claims.

### F. Plaintiff's Title VII Claims

Title VII prohibits discrimination based on race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2.  Title VII also prohibits retaliation against an individual who has either (a) opposed any practice made unlawful by Title VII, or (b) participated in any investigation, proceeding, or hearing under Title VII. 42 U.S.C. §

14

2000e-3. Plaintiff bases his Title VII claim on allegations that he reported the leakage of hazardous waste, filed an ADEA claim, and that he reported sexual harassment to his employer. With respect to Plaintiff's first two alleged acts, the reporting of a leakage of hazardous waste and his ADEA claims, these are not properly brought under Title VII and will not be addressed by the court in its discussion of Title VII.[6] Title VII exclusively addresses discrimination based on race, color, religion, sex or national origin.

Regardless, Plaintiff's Title VII claims fail because Plaintiff has not exhausted the appropriate administrative remedies. It is well settled that a Title VII plaintiff must exhaust all required administrative remedies before seeking judicial relief. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). A person who believes that he or she has been unlawfully discriminated against must initiate contact with an EEO counselor within 45 days of when the individual knew or should have known of the event. 29 C.F.R. § 1614.105(a)(1). A plaintiff is also required to file an employment discrimination charge with the EEOC within 180 or 300 days after an "allegedly unlawful employment practice occurred."[7] 42 U.S.C. § 2000-5(e) (1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). If a plaintiff fails to seek EEO counseling or file an EEO complaint within the statutory time period, the

---

[6] Plaintiff does not bring his claim that he was retaliated for reporting the leakage of hazardous waste under any other statute. Moreover, Plaintiff does not provide any factual basis supporting his general assertion that he was retaliated against for reporting the leakage. Thus, Plaintiff's claim will be dismissed without any further discussion.

[7] When an employee initiates a complaint with a parallel state agency, the period for filing with the EEOC is 300 days from the date of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). In the instant case, Plaintiff did not file with a parallel state agency; therefore, his deadline for filing with the EEOC was 180 days from the date of the alleged unlawful employment practice.

plaintiff's complaint is time barred.[8]  *Robinson*, 107 F.3d at 1021 ("[E]xhaustion requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times.").  Additionally, a plaintiff must receive a right to sue notice from the EEOC.  *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) ("The jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue.").  There is no indication that Plaintiff has filed an EEOC complaint or received a right to sue letter.  Thus, Plaintiff has failed to exhausted his administrative remedies with respect to his Title VII claims.  The court will grant Defendants' motion to dismiss Plaintiff's Title VII claims.

### G. Plaintiff's Claims Under the ADEA

The ADEA provides that it is "unlawful for an employer . . . to fail or refuse or otherwise to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  Plaintiff alleges that Defendants retaliated against him for filing an ADEA claim.

Plaintiff construes his claim of ADEA retaliation under Title VII.  Like Title VII, the ADEA also has a retaliation provision.  29 U.S.C. § 623(d).  Because Plaintiff is proceeding *pro se*, the court will liberally construe Plaintiff's third amended complaint to assert his ADEA retaliation claim under the provisions of the ADEA.

The Supreme Court has established a three-step burden shifting analysis to establish if an employer has discriminated against an individual in the context of employment.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  In

---

[8] As prescribed by the Supreme Court, this court must strictly adhere to the time-line mandated by Congress.  *See Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980) ("By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination").

*McDonnell Douglas*, the Court provided that a plaintiff has the initial burden to make a prima facie case. To establish a prima facie case of retaliation, a plaintiff must show the following: (1) he engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *See Weston v. Pa.*, 251 F.3d 420, 430 (3d Cir. 2001).

Defendants assert that Plaintiff fails to allege that he was subject to any adverse action in retaliation for his ADEA charges. Plaintiff alleges that the JLG Defendants terminated him and refused to give subsequent recommendations to other employers in retaliation for filing an ADEA charge.

Plaintiff fails to state a claim as to his first allegation that he was terminated in retaliation for filing an ADEA charge. Plaintiff was informed of his termination on January 20, 2002. (Compl. Ex. L.) Plaintiff filed his ADEA claim on January 24, 2002. Thus, it would have been impossible for Defendants to retaliate against an action that had not already occurred.[9]

Plaintiff's second allegation is that JLG Defendants retaliated against him by "blocking" future employment opportunities.[10] (Compl., Underlying Facts, Ex. AA ¶ 27.) As stated by the Third Circuit, an individual "may file a retaliation action against a previous employer for retaliatory conduct occurring after the end of the employment relationship when the retaliatory act is in reprisal for a protected act . . . and arises out of or is related to the employment relationship." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 200 (3d Cir. 1994); *see also Robinson v. City of*

---

[9] Plaintiff's third amended complaint does not allege that Defendants terminated him because of his age.

[10] The court recognizes that Plaintiff's allegation is extremely broad. However, in construing Plaintiff's pro se complaint liberally the court will allow Plaintiff's claim to proceed, so that discovery may fully address any retaliatory conduct by Defendants with respect to Plaintiff's post-JLG employment.

17

*Pittsburgh*, 120 F.3d 1286, 1301 n.15 ("[W]e [have] held that a former employee could state a claim for retaliation arising out of post-employment conduct, so long as the retaliation affected the plaintiff's future employment opportunities.").

Once the plaintiff has established a prima facie case, the burden shifts to the defendant to rebut the plaintiff's assertion of discrimination. The defendant need only produce a legitimate, nondiscriminatory reason for the actions in question. *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). However, in Defendants' instant motion to dismiss they do not provide any legitimate reasons for the alleged adverse employment action. Thus, the court will deny Defendants' motion to dismiss Plaintiff's ADEA retaliation claim.

The court notes that Plaintiff's ADEA retaliation claim can proceed only against the JLG Defendants and only with respect to the failure to provide Plaintiff with post-employment references. Plaintiff's ADEA retaliation claim cannot proceed against the Kollman Defendants. The Kollman Defendants were not in a position to provide Plaintiff with employment references. Put quite simply, the Kollman Defendants were not Plaintiff's employers and cannot be guilty of violating Plaintiff's rights under the ADEA.

**IV.        Conclusion**

In accordance with the foregoing discussion, the court will grant in part and deny in part Defendants' motion to dismiss Plaintiff's third amended complaint. The court finds that Plaintiff's claims based on §§ 1983 and 1985 are moot. The court will grant Defendants' motion to dismiss all of Plaintiff's claims against the Kollman Defendants. With respect to the JLG Defendants, the court will grant Defendants' motion to dismiss Plaintiff's claims based on fraud, defamation, Title VII, and intentional infliction of emotional distress. With respect to Plaintiff's ADEA

claims against the JLG Defendants, the court will dismiss Plaintiff's claims, except for Plaintiff's claim that Defendants retaliated against him for filing an ADEA claim by failing to provide post-employment references.  Additionally, the court will deny Plaintiff's motion to disqualify the Kollman Defendants from acting as defense counsel in the instant case.

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient.  *See, e.g., Weston v. Pa.*, 251 F.3d at 428; *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 336 F.3d 229, 236 (3d Cir. 2004).  In this case, the court will not provide Plaintiff with leave to amend his complaint.  Plaintiff has been given three opportunities to amend his complaint.  To provide Plaintiff with yet another attempt would prejudice Defendants and create an undue delay.  Moreover, based on the facts presented in the third amended complaint, the court finds it would be futile to provide Plaintiff with leave to amend.

In sum, Plaintiff's only remaining claim is that the JLG Defendants retaliated against him for filing an ADEA charge by not providing references to future employers.  Plaintiff will not be afforded another opportunity to amend his complaint.  The court reiterates that all claims against the Kollman Defendants have been dismissed.  Therefore, Plaintiff should not include any allegations against the Kollman Defendants in any future motions before the court in this instant matter.
In accordance with the foregoing discussion, the court will grant in part and deny in part Defendants' motion to dismiss.  An appropriate order will issue.

                                                 s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
Dated: June 6, 2005.                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. FOSTER,** | : | **CIVIL NO. 1:CV-03-2088** |
| **Plaintiff** | : | |
| v. | : | |
| **JLG INDUSTRIES,** *et al.*, | : | |
| **Defendants** | : | |

## **O R D E R**

In accordance with the forgoing memorandum of law **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's motion to disqualify the Kollman Defendants from acting as defense counsel in the instant case is **DENIED**.

2) Defendants' motion to dismiss Plaintiff's third amended complaint is **GRANTED** in part and **DENIED** in part as follows:

    a) All of Plaintiff's claims, except that Defendants retaliated against Plaintiff for filing an ADEA claim by not providing post-employment references, are **DISMISSED**.

    b) All claims against the Kollman Defendants are **DISMISSED**.

                                             s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: June 6, 2005.