IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. FOSTER,** : | **CIVIL NO. 1:CV-03-2088** |
| **Plaintiff,** : | |
| v. : | |
| **JLG INDUSTRIES,** : | |
| **Defendant** : | |

## MEMORANDUM

Before the court is Defendant's motion for summary judgment. (Doc. 74.) The parties have briefed the issue, and the matter is ripe for disposition. For the reasons that follow, the court will grant Defendant's motion.

**I.        History**

      **A.        Factual**

The factual history of this case is well known to both parties; thus, the court need not recite the facts in full. Relevant to the instant motion are the following facts. Plaintiff was employed by JLG as the Supervisor of Tool Design and Manufacturing. On January 13, 1997, Plaintiff was suspended from his employment with JLG based on charges of sexual harassment. On January 14, 1997, Plaintiff contacted an attorney who advised Plaintiff to sign up for unemployment benefits and file a claim based on age discrimination with the Pennsylvania Human Relations Commission. On January 20, 1997, Plaintiff was informed that he was terminated from JLG based upon charges of sexual harassment.

B.     **Procedural**

After numerous attempts, Plaintiff filed a third amended complaint (Doc. 46) on February 28, 2005 that was in conformity with the court's orders and the Local Rules. Plaintiff's third amended complaint included claims based on Title VII, the ADEA, fraud, 42 U.S.C. §§ 1983 and 1985, defamation of character, and intentional infliction of emotional distress. Named as defendants in Plaintiff's third amended complaint were the following: (1) JLG; (2) Samuel Swope, Vice President of Human Relations-JLG; (3) Jeanne Wakefield, Human Resources-JLG; (4) Eugene Swope, Manager-JLG; (5) Duane Souders, Manager-JLG (collectively known as the "JLG Defendants"). Also named was the law firm of Kollman and Saucier, PA, and attorneys Clifford Geiger, Peter Saucier, and Frank Kollman (collectively known as the "Kollman Defendants").

On June 6, 2005, the court granted in part and denied in part the named Defendants' motion to dismiss. (Doc. 55.) Specifically, the court dismissed all of Plaintiff's claims except for a retaliation claim under the Age Discrimination in Employment Act ("ADEA").[1] 29 U.S.C. § 623. On June 16, 2005, the court granted the named Defendants' motion for reconsideration of its June 6, 2005 order and provided that the only remaining Defendant was JLG Industries.[2] (Doc. 57.) On July

---

[1] In the memorandum accompanying the June 6, 2005 order, the court noted that Plaintiff had construed his ADEA claim under the provisions of Title VII. However, the court provided that "[b]ecause Plaintiff is proceeding *pro se*, the court will liberally construe Plaintiff's third amended complaint to assert his ADEA retaliation claim under the provisions of the ADEA." (Doc 53 at 16.)

[2] With respect to Defendants' motion for reconsideration the court found that Plaintiff could not maintain a claim under the ADEA against individual defendants. Accordingly, the court provided that "[a]ll claims that Samuel Swope, Jeanne Wakefield, Eugene Swope, and Duane Souders retaliated against Plaintiff for filing an ADEA claim are **DISMISSED**." (Doc 57 at 2.) Additionally, the court
(continued...)

2

8, 2005, the court denied Plaintiff's motion for reconsideration of its June 6, 2005 order. (Doc. 62.) Thus, the only issue before the court is whether Defendant JLG violated the provisions of the ADEA.[3]

On December 15, 2005, Defendant filed a motion for summary judgment. On January 5, 2005 Plaintiff filed the following responsive brief and motion entitled: "Plaintiff's Motion & Brief Denying Summary Judgment and Request This Court to Termi[n]ate Court Order Dated June 6, 2005 in its Entrly [sic] & proceed under Plaintiff['s] Amended Claims Dated February 27, 2005 and Proceed to Trial by Jury." (Doc. 78.) Defendant filed a reply brief on January 17, 2005.

## II.  **Legal Standard: Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a

---

[2](...continued)
stated that "[t]he only remaining Defendant is JLG. The only remaining claim is that JLG retaliated against Plaintiff for filing an ADEA claim." (*Id.* at 3.)

[3]According to Plaintiff's third amended complaint, Defendant provided negative and derogatory references to potential employers. However, Plaintiff fails to provide the court with any evidence supporting his allegation.

verdict for the non-moving party.  *Id.* at 249.  The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985); *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

    Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. " 'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III.  Discussion

    The ADEA provides that it is "unlawful for an employer . . . to fail or refuse or otherwise to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1). The ADEA also has a provision prohibiting retaliation that provides:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d).

The Supreme Court has established a three-step burden shifting analysis to establish if an employer has retaliated against an individual in the context of employment. *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). In *McDonnell Douglas*, the Court provided that a plaintiff has the initial burden to make a prima facie case. To establish a prima facie case of retaliation, a plaintiff must show the following: (1) he engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *See Weston v. Pa.*, 251 F.3d 420, 430 (3d Cir. 2001). Once the plaintiff has established a prima facie case, the burden shifts to the defendant to rebut the plaintiff's assertion of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the defendant is able to produce a legitimate non-discriminatory reason, the presumption of discrimination fails and the burden once again shifts to the plaintiff to show that the defendant's proffered reasons are pretextual. *Id.* at 803.

Defendant asserts three alternative reasons for granting summary judgment on its behalf. First, Defendant argues that Plaintiff has failed to establish that he engaged in a protected activity. Specifically, Defendant relies on Plaintiff's

5

deposition testimony in which Plaintiff stated that he did not intend to bring a claim under the ADEA. Second, Defendant asserts that even if Plaintiff engaged in protected activity there is no evidence that Plaintiff was subjected to adverse action. With respect to this argument Defendant contends: 1) Plaintiff cannot establish that Defendant provided false or negative references; 2) that Defendant's refusal to provide a letter of reference was consistent with Defendant's policy and practice; and 3) Plaintiff cannot establish a causal connection. Finally, Defendant asserts that even if Plaintiff is able to establish a prima facie case by demonstrating adverse action and causal connection, Defendant has a legitimate non-discriminatory reason for its actions. Specifically, Defendant asserts and provides sworn affidavits that it does not provide employees with letters of reference. (Mot. Summ. J., Ex.3 at 6.) Defendant states that Plaintiff fails to establish that Defendant ever deviated from this policy.[4]

      The court is cognizant that *pro se* complaints and supporting arguments are to be construed liberally. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). However, Plaintiff's response to Defendant's motion fails to articulate an argument that adequately addresses Defendant's position. The court finds Defendant's first argument convincing, and will grant Defendant's motion for summary judgment.

      In support of its position Defendant points to Plaintiff's October 7, 2005 deposition testimony. In Plaintiff's deposition, Plaintiff was asked by defense counsel: "So you're not pursuing an age discrimination claim?" (Foster Dep. at 4.)

---

[4]In support, Defendant points to the transcript of a reference check company hired by Plaintiff to find out what reference Defendant would provide. The transcript indicates that a caller identified herself as a potential employer of Plaintiff. The caller proceeded to ask numerous questions with respect to Plaintiff; however, a JLG representative would only confirm Plaintiff's title, his salary, and his dates of employment. (Statement of Mat. Facts, Ex. 14.)

Plaintiff responded: "No.  That was never my intention to file that."[5]  (*Id*.)  According to Defendant, Plaintiff's acknowledgment that he did not intend to file a claim under the ADEA demonstrates that Plaintiff has failed to establish that he engaged in a activity protected under the ADEA.

Plaintiff in his response to Defendant's motion for summary judgment does not dispute Defendant's contention that he has failed to establish that he engaged in protected activity under the ADEA.  In fact, Plaintiff's responsive brief would appear to be an acquiescence of Defendant's position.  Plaintiff's responsive brief includes a motion requesting the court to terminate its June 6, 2005 order and allow Plaintiff to proceed under his amended complaint dated February 27, 2005.[6]  In his motion plaintiff states that he "[r]equest this [h]onorable [c]ourt to terminate [o]rder to proceed under [the] Age Discrimination [in] Employment Act of 1967 (ADEA)."  (Pl.'s Mot. and Brief at 2.)

Based upon Plaintiff's motion and his deposition testimony, the court finds that Plaintiff does not have a good faith basis for his claims against Defendant under the ADEA.  While Plaintiff may wish to proceed under the totality of claims

---

[5] The court also notes that during his deposition Plaintiff made additional statements that indicated he did not intend to file a claim under the ADEA.  For example, defense counsel asked Plaintiff: "Does this vendetta have anything to do with your age?" (Foster Dep. at 20.) To which Plaintiff answered: "I doubt that.  That was a Korsak [Plaintiff's former attorney] philosophy, not mine." (*Id*.)  Later in the deposition Plaintiff was again asked about the ADEA claim.  After some confusion between the parties, Defense counsel stated with respect to the confusion: "[L]et's try to fix that." (*Id*. at 34.)  To which Plaintiff responded: "The only fixing we're going to do is it's not an age - - the case is closed.  It's been closed by the EEOC.  The letter's been sent by EEOC and it's a fact." (*Id*.)

[6] As stated, the court has addressed Plaintiff's third amended complaint in both its June 6, 2005 memorandum and order addressing the named Defendants' motion to dismiss Plaintiff's third amended complaint and its July 8, 2005 order denying Plaintiff's motion for reconsideration.  The court need not revisit its already well reasoned decisions with respect to Plaintiff's third amended complaint.  Accordingly, the court will deny Plaintiff's motion to proceed under the claims asserted in his third amended complaint.

7

asserted in his third amended complaint, the court has already addressed these claims and found that the only potential claim remaining is a retaliation claim under the ADEA. Plaintiff has stated that he did not intend to bring a claim under the ADEA and fails to rebut Defendant's contention that he has not established a prima facie case for retaliation under the ADEA.

The court finds Defendant's first argument convincing. However, the court notes that Plaintiff neither contests Defendant's assertion that he has not established an adverse action, nor disputes Defendant's assertion that no casual connection exists. Thus, the court is equally convinced by Defendant's alternative arguments. Accordingly, the court will grant Defendant's motion for summary judgment.

**IV.** **Conclusion**

In accordance with the forgoing discussion the court will grant Defendant's motion for summary judgment. An appropriate order will issue.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: January 30, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. FOSTER,** | : | **CIVIL NO. 1:CV-03-2088** |
| **Plaintiff,** | : | |
| v. | : | |
| **JLG INDUSTRIES,** | : | |
| **Defendant** | : | |

## ORDER

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) Defendant's motion for summary judgment (Doc. 74.) is **GRANTED**.

2) Plaintiff's motion to proceed under his third amended complaint (Doc. 77.) is **DENIED**.

3) The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff and close the case.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: January 30, 2006.